# Trammell's Executors *v.* Trammell's Heirs.

### *Appeal from Probate Court ; Motion to dismiss.*

1. *Ex parte allowance of executor's account against estate.* — One of two joint executors, having an account against his testator's estate for goods furnished during a series of years, cannot present it informally to the probate court, and ask its allowance : he must make a settlement in proper form.

2. *When appeal lies.* — An appeal does not lie from the refusal of the probate court to allow an account informally presented by an executor, without a settlement in due form.

APPEAL from the Probate Court of Chambers.

The original transcript in this case contained only a bill of exceptions, and an acknowledgment of security for costs ; in each of which the cause was entitled " *Trammell's Executors* v. *Trammell's Heirs.*" The bill of exceptions is as follows : " This cause originating in the final settlement of the estate of John Trammell, deceased, the following proceedings were had : The executor, William M. Trammell, asked an allowance for the following account," &c. ; setting out an account for articles furnished by him to the estate, and personal services rendered, during the years 1855-65, amounting in the aggregate to $410.73 ; " to the allowance of which account the heirs objected, because the same was barred by the statute of limitations. There was no evidence introduced whatever. The court sustained the objection, and disallowed the account ; to which ruling of the court said executor excepted."

A *certiorari* to perfect the record having been issued from this court, the following return to it was filed : " Final settlement of estate of John Trammell, deceased. May 24, 1872. The 14th day of February, 1872, being the day regularly appointed to hear and determine all matters as to the accounts heretofore filed by John Y. Trammell and William M. Trammell as executors of said estate, for a final settlement of their said trust, now come the said executors, and ask leave of the court to withdraw the account heretofore filed by them, and file in its stead another account ; which is granted by the court, the attorneys of the legatees consenting thereto. Thereupon, an account was produced for allowance by William M. Trammell, one of said executors, and objected to by the other, and by the legatees represented. It was then agreed between the parties in interest, that the matter of the allowance of said account should be discussed during the evening, and the account would be presented for allowance on the following morning. In the mean time, a bill of exceptions was presented by William M. Trammell, the court having refused to allow the account presented by him, which said bill was granted by the court. The

other executor, John Y. Trammell, refused or failed to present the said account filed for settlement; and consequently there was no record made of the proceedings had in the premises, and this decree, or statement, is made from recollection."

The appellees submitted a motion to dismiss the appeal, on the ground that there was no decree to support it.

RICHARDS & DENSON, for appellant.

MAY, contra.

B. F. SAFFOLD, J. — We have nothing before us but a bill of exceptions, without assignment of errors. It seems that one of the two executors of Trammell's estate went before the probate court, and asked for the allowance of a simple account of goods furnished by him for the estate. The account is for about $400, and embraces items for the years from 1855 to 1865. The executor cannot have his demands against the estate settled by piecemeal in that way. The items may or may not be proper charges. He must make a settlement, if he desires the court to pass upon his acts.

The appeal is dismissed